[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2007
THOMAS K. KAHN
CLERK

No. 06-13525
Non-Argument Calendar

_____

D. C. Docket No. 05-02918-CV-JTC-1

J.P., a minor by his next friend Martin Pope his father,
MARTIN POPE,

Plaintiffs-Appellants,

versus

CHEROKEE COUNTY BOARD OF EDUCATION,
DR. FRANK R. PETRUZIELO,
individually and as Superintendent of Cherokee County School District,
SARAH HOSKINS, individually and as Special Education Director,
HAM KIMZEY, individually, and as former Special Education Director,
SHERRY GREEN, individually and as SpecialEducation Supervisor, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 27, 2007)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs J.P., a minor, and his father, Martin Pope, appeal the district court's dismissal of their claims for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.; § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 1983; and various provisions of Georgia law. Plaintiffs sued the Cherokee County School District, Superintendent Frank Petruzielo, and several other employees of the School District for monetary damages resulting from physical, emotional, and educational injuries Plaintiffs allege J.P. suffered at the hands of the Defendants in November 2003, while he was attending an after-school program at Chapman Intermediate School. The district court dismissed the complaint based on Plaintiffs' failure to exhaust administrative remedies under the IDEA before bringing this lawsuit. We review the district court's dismissal for failure to exhaust the IDEA's administrative remedies de novo. See Babicz v. School Bd. of Broward County, 135 F.3d 1420, 1421 (11th Cir. 1998). After careful review, we affirm.[1]

The parties are familiar with the relevant facts, which the district court enumerated in its dismissal order, and we do not recount them here. The IDEA

---

[1]Given the still-pending nature of the administrative proceedings, we DENY Appellees' motion to dismiss this appeal as moot. Cf. DeSimone v. Linford, 494 F.2d 1186 (5th Cir. 1974) (appeal from denial of preliminary injunction pending administrative appeal was moot after completion of administrative appeal).

guarantees that disabled students receive a "free and appropriate public education" ("FAPE") through the provision of various special education services, including an "individualized education program" ("IEP"), as defined in 20 U.S.C. § 1414(d). See Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1311 (11th Cir. 2003). A parent who wishes to challenge an IEP, or any matter relating to the provision of a FAPE, may request an "impartial due process hearing" before an ALJ.[2] See 20 U.S.C. § 1415(f); 34 C.F.R. § 300.403(b).

Once the administrative proceedings are complete, the IDEA provides that either party may challenge those proceedings in state or federal court. See 20 U.S.C. § 1415(i)(2)(A). In order to bring such a court challenge, however, the IDEA requires that a plaintiff first exhaust administrative remedies: "before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l).[3] "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting

---

[2] In Georgia, these hearings are conducted by the Office of State Administrative Hearings. See Ga. Comp. R. & Regs. 160-4-7-.18(1)(e).

[3] The exhaustion requirement applies to claims asserting the rights of disabled children under not only the IDEA, but also the ADA, § 504 of the Rehabilitation Act of 1973, and the Constitution. See M.T.V. v. Dekalb County Sch. Dist., 446 F.3d 1153, 1158 (11th Cir. 2006).

to the courts to challenge the actions of the local school authorities." N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1378 (11th Cir. 1996) (quotation omitted) (emphasis added). Thus, because exhaustion is a prerequisite to the civil action contemplated by § 1415(l), a parent's failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action. Id.; see also Ass'n for Retarded Citizens of Ala. v. Teague, 830 F.2d 158, 160 (11th Cir. 1987).

Consistent with the unambiguous statutory language, which provides that "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child," 20 U.S.C. § 1415(b)(6) (emphasis added), we have interpreted the IDEA's exhaustion requirement as applying to a "broad" spectrum of claims. M.T.V., 446 F.3d at 1158. Thus, M.T.V.'s parents' claims based on past retaliation, which included allegations of harassment at IEP meetings, intimidating letters, and needless and instructive testing of M.T.V., were "related to" M.T.V.'s education, within the meaning of the IDEA, and therefore subject to the exhaustion requirement. See also Babicz, 135 F.3d at 1420.

Here, the district court dismissed Plaintiffs' claims because they related to the FAPE provided to J.P. pursuant to the requirements of the IDEA. It was undisputed that the only request for a due-process hearing relating to J.P.'s FAPE occurred in

4

proceedings that took place in 2001 and resulted in a settlement agreement as to the claims asserted in the 2001 complaint.[4] The instant claims, by contrast, concern whether Defendants' actions in November 2003 violated the IDEA and constituted a breach of the provisions of the settlement agreement. The district court noted that the instant dispute "[a]t its heart, . . . is about a failure to sufficiently provide a [FAPE] to [J.P.] and the adverse educational consequences of that failure." Because J.P.'s alleged injuries <u>primarily</u> relate to the provision of his FAPE, and thus constitute educational injuries (as opposed to physical injuries), Plaintiffs were required to exhaust administrative remedies before filing this court action.[5] The district court properly dismissed the matter since it lacked subject matter jurisdiction.

---

[4]Neither the § 504 committee meeting in the month following the November incident, nor the two IEP meetings in January and February 2004 constitute (or can be construed as the functional equivalent of) a request for a due-process hearing, within the meaning of the IDEA. While one provision of the IDEA provides for a parent's participation in certain <u>meetings</u> concerning his or her child's FAPE, 20 U.S.C. § 1415(b)(1), a completely different section addresses, and lays out the requirements for, the administrative <u>hearings</u> that must take place upon the filing of a request for a due-process hearing, <u>id.</u> §§ 1415(f), (i)(2). In short, we are unpersuaded by Plaintiffs' argument that attendance at § 1415(b)(1) meetings satisfies the IDEA's "due process hearing" requirement for administrative exhaustion.

[5]We have considered, and are unpersuaded by, Plaintiffs' argument that exhaustion of administrative remedies would be futile because the money damages they seek relate to only past injuries. <u>See</u> <u>N.B.</u>, 84 F.3d at 1379 (rejecting IDEA plaintiff's argument that exhaustion of administrative remedies would be futile because the defendant school districts lack authority to grant the relief requested, namely money damages). In <u>N.B.</u>, we observed that "if the plaintiff's argument is to be accepted, then future litigants could avoid the exhaustion requirement simply by asking for relief that administrative authorities could not grant. This goes against the very reason that we have the exhaustion requirement, which is '[to prevent] deliberate disregard and circumvention of agency procedures established by Congress.'" <u>Id.</u> (quoting <u>Teague</u>, 830 F.2d at 160).

5

**AFFIRMED.**