NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3727
_____

J.L., a minor, by and through his parents and legal guardians
Fernando Leduc, his father, and Dorca Salaman, his mother,
                                                                    Appellant

v.

WYOMING VALLEY WEST SCHOOL DISTRICT;
*WVW TRANSPORT, INC., a/k/a AVP Transport, Inc.

*Dismissed USCA Pursuant to Clerk's Order entered 08/08/17
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-15-cv-01750)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018

Before: HARDIMAN, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed: February 9, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal involves the exhaustion requirement of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–82. The District Court dismissed the federal claims of J.L., a special-needs student, for lack of jurisdiction for failure to exhaust administrative remedies under the IDEA. We will affirm.

I[1]

At all relevant times, J.L. was a 10-year-old student with disabilities that rendered him nonverbal and "unable to conform to normal behavioral standards." App. 25 (Compl. ¶ 2). J.L. had an Individualized Education Plan (IEP) with the Wyoming Valley West School District that included "Special Transportation." App. 30 (Compl. ¶ 25).

J.L. was transported to and from school without incident until a new van driver was assigned to him. The new driver reported that J.L. "would unfasten his seat belt and 'run around,' kick the back of the driver's side seat, and display general aggressiveness" during the ride. App. 31 (Compl. ¶ 29). On May 13 and 14, J.L.'s father saw the driver use a "bulky, box-like attachment" to "painfully, forcefully and involuntarily" "lock" J.L.

---

[1] We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291, *Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 130 (3d Cir. 2017), and our review is plenary, *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 271 (3d Cir. 2014). In reviewing the complaint, we must determine whether it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), but "we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

into his seat. App. 32–33 (Compl. ¶¶ 32–33). When J.L.'s parents complained about this at an IEP meeting on May 14, a district official responded "in words or substance" that "we lock kids who are aggressive." App. 34 (Compl. ¶ 37). The next day, J.L.'s mother saw the driver use the restraint again. After she noticed J.L. crying and having trouble walking later that day, she discovered "significant bruising" on his thigh and took him to the hospital. App. 35 (Compl. ¶ 42). She complained to the school's Director, who told her a new van driver would be assigned. The problems stopped, and the issue was not discussed at J.L.'s June 2014 IEP meeting.

J.L. sued Wyoming Valley for negligence, as well as for violations of the IDEA; § 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the Due Process Clause of the Fourteenth Amendment. Finding that the IDEA's exhaustion requirement applied to all of J.L.'s federal-law claims, *see* 20 U.S.C. § 1415(*l*), the District Court dismissed those claims for lack of jurisdiction and declined to exercise supplemental jurisdiction over the state-law negligence claim. J.L. filed this timely appeal.

II

J.L. argues that the IDEA's exhaustion requirement does not apply where, as here, "the principle [sic] issues" involve "physical damages." J.L. Br. 16. That is not the correct legal standard.

Last term the Supreme Court made clear in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017), that a student seeking relief that is available under the IDEA—*i.e.*, "relief for the denial of a FAPE"—must avail himself of the law's administrative

3

procedures before filing a civil suit. *Id.* at 752. "[Section] 1415(*l*)'s exhaustion rule [thus] hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education."[2] *Id.* at 754. "[A] court [can] tell when a plaintiff 'seeks' relief for the denial of a FAPE and when []he does not" by "look[ing] to the substance, or gravamen, of [his] complaint." *Id.* at 752, 755 (quoting § 1415(*l*)). A "clue" to this question is whether "the plaintiff [could] have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school," and, conversely, whether "an *adult* at the school . . . [could] have pressed essentially the same grievance." *Id.* at 756. If the answer to both is no, a denial of a FAPE is likely the gravamen of the complaint. *Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 132 (3d Cir. 2017).

This Court recently clarified in *Wellman* that "[t]he word 'gravamen' bespeaks concern with both individual claims as well as the collection of claims called a complaint." *Id.* Consideration of the "actual claims" is necessary to ensure that claims that arise from the same events but do not involve a FAPE do not "get swept up and forced into administrative proceedings" along with claims that do. *Id.*

Here, an examination of J.L.'s "entire complaint and each of his claims," *id.*, reveals that they seek relief for "a deprivation of his guaranteed rights to a [FAPE],"

---

[2] This is true "even if [the plaintiff] relies on laws other than the IDEA," such as § 504. *Wellman*, 877 F.3d at 131. The District Court held that "*all* of [J.L.'s] claims could have been remedied by the IDEA's administrative remedy process"—his § 504 and due process claims, as well as his IDEA claims. App. 13–14 (emphasis added).

App. 24. (Compl. ¶ 1). As noted by the school district, numerous factual allegations refer to J.L.'s entitlement to "special education services, including transportation services," Wyoming Br. 11 (quoting Compl. ¶ 9), the IEP process, *id.* at 13–15 (citing, *e.g.*, Compl. ¶ 35), and the relationship between his IEP and the alleged violations, *id.* at 14–15; *see, e.g.*, Compl. ¶ 25 ("One . . . of the 'related services' listed in the 2013–2014 IEP was 'Special Transportation.'").

In addition to these factual allegations, an examination of the individual claims further supports the conclusion that they all seek relief for the denial of a FAPE. *See Wellman*, 877 F.3d at 133–35. Not only does Count I expressly invoke the IDEA, it also refers to J.L.'s "educational rights," a "FAPE," "educational programs," "educational services," the "educational environment," the "educational setting," and J.L.'s "special educational needs," his IEP, and IEP meetings. App. 38–41 (Compl. ¶¶ 53–65). Count II (the due process claim) discusses the defendants' respective duties "to provide [J.L.] with Special Education Services" and "transportation services" and alleges that their failure to do so resulted in "a set back and delay in his ability to learn and benefit from the special educational services provided." App. 42–44 (Compl. ¶¶ 66–73). Even J.L.'s negligence claim (Count III) refers to his IEP three times and alleges that the transportation company's failure to comply with it caused "a set back and delay in [J.L.'s] ability to learn and benefit from the special educational [sic] provided." App. 44–46 (Compl. ¶¶ 74–82).

5

Applying the *Fry* framework to "both the entire pleading and each individual count," *Wellman*, 877 F.3d at 135, we conclude that J.L.'s claims "relate[] to the implementation of an IEP[,] involve the provision of a FAPE and are subject to exhaustion," *id.* at 133 (citing *J.M. ex rel. McCauley v. Francis Howell Sch. Dist.*, 850 F.3d 944, 951 (8th Cir. 2017)). The use of restraints "would not have occurred outside the school setting and[] . . . a nonstudent could not (and would not) have 'pressed essentially the same grievance.'" *Id.* at 133 (quoting *Fry*, 137 S. Ct. at 756); *see also McCauley*, 850 F.3d at 949–50 (claims pertaining to the use of restraints were "based on the failure to implement [plaintiff's] IEP" and therefore subject to administrative exhaustion). J.L.'s complaint thus sought relief under the IDEA, *see Fry*, 137 S. Ct. at 755, and he was required to exhaust his administrative remedies in accordance with § 1415(*l*). The District Court followed a different path to this result, relying on our decision in *S.D. v. Haddon Heights Board of Education*, 833 F.3d 389 (3d Cir. 2016), *cert. granted, judgment vacated sub nom. S.D. ex rel. A.D. v. Haddon Heights Bd. of Educ.*, 137 S. Ct. 2121 (2017), but arrived there nonetheless.

Our conclusion does not change because J.L. requested money damages, which are not available under the IDEA and cannot be awarded at an administrative hearing. *See Batchelor*, 759 F.3d at 276. We have held that "[t]his is not dispositive" because (1) the complaint did not seek money damages exclusively, (2) district courts are empowered to grant relief beyond that requested, and (3) money damages may sometimes be awarded as

6

reimbursement.[3] *id.* at 276–77; *see also* App. 41, 44, 46 (requesting "such other and further relief to which this Court deems just and proper" in addition to damages and fees). The District Court properly followed this precedent in concluding that "the nature of [J.L.'s] claims and the governing law determine the relief, regardless of [his] demands." App. 14 (quoting *Batchelor*, 759 F.3d at 276).

"What matters is the crux . . . of the plaintiff's complaint, setting aside any attempts at artful pleading." *Fry*, 137 S. Ct. at 755. J.L.'s own allegations and claims placed the denial of a FAPE in this central role, and he cannot negate this fact simply by omitting educational redress from his prayer for relief. *See McCauley*, 850 F.3d at 950. Like all IDEA plaintiffs, J.L. is ultimately "'the master of the claim': [he] identifies its remedial basis—and is subject to exhaustion or not based on that choice." *Fry*, 137 S. Ct. at 755 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

We agree with the District Court that J.L. was required to exhaust his administrative remedies before suing the school district. Because he did not do so, the District Court did not err when it dismissed J.L.'s complaint.

---

[3] The courts of appeals are in accord that a prayer for money damages does not necessarily absolve a plaintiff from exhausting administrative remedies under the IDEA. *See McCauley*, 850 F.3d at 950; *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 785–86 (10th Cir. 2013); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 64 (1st Cir. 2002); *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000); *N.B. ex rel. D.G. v. Alachua Cnty. Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996).

\* \* \*

For the foregoing reasons, we will affirm the judgment of the District Court.