[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14891
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00291-JES-CM

ROBERT R. PRUNTY, JR.,

Plaintiff-Appellant,

versus

DESOTO COUNTY SCHOOL BOARD AND DISTRICT,
KARYN E. GARY,
Dr., former superintendent,
ANGELA STALEY,
Dr., ESE Director,
AGENCY FOR HEALTHCARE ADMINISTRATION,
AHCA,
SHEVAUN HARRIS,
Asst. Deputy Secretary, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 14, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Robert Prunty, proceeding pro se, appeals the district court's dismissal of his amended complaint for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA). He also appeals the denial of his motion for reconsideration.

I.

Prunty is an African-American parent of school-aged children who have been diagnosed with autism. In 2017 he filed a lawsuit against the School District of Desoto County and the Agency for Health Care Administration (and several related individuals) alleging a violation of the IDEA. The IDEA ensures that disabled children "have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A). "Under the IDEA, an individualized education program, called an IEP for short, serves as the primary vehicle for providing each child with the promised [free appropriate public education]." Fry v. Napoleon Cmty. Schs., 580 U.S. __, 137 S. Ct. 743, 749 (2017) (quotation marks omitted). An IEP is a written statement of the child's level of academic achievement, goals, and special education services to be provided to the child. CP v. Leon Cty. Sch. Bd. Fla., 483 F.3d 1151, 1153 (11th Cir. 2007).

Prunty alleged that the school district and health agency violated the IDEA by mailing already-completed IEP forms to the parents, thereby excluding parents from the process of creating IEPs. See id. ("[T]he IDEA mandates that schools and parents together develop an [IEP]."); see also 20 U.S.C. § 1415(b)(1) (providing that parents must be allowed to "participate in meetings with respect to the identification, evaluation, and educational placement of the child").[1] He also alleged that a third defendant, the Jack Nicklaus Miami Children's Hospital, conspired with the other two defendants by refusing to allow African-American parents of disabled children to apply for programs or services at the hospital, in violation of the Emergency Medical Treatment and Active Labor Act.

Prunty's amended complaint contained 12 claims against the defendants. Although the basis for his claims was that the defendants violated the IDEA, he alleged conspiracy claims against all three defendants under 42 U.S.C. § 1985(3); a claim against all three defendants for the violation of his fundamental constitutional right to manage the care of his children;[2] claims for violations of his civil and constitutional rights under 42 U.S.C. § 1983, and related common law claims, against the school district and health agency; and a claim against the children's hospital under the Emergency Medical Treatment and Active Labor Act.

---

[1] Parents are "entitled to prosecute IDEA claims on their own behalf." Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535, 127 S. Ct. 1994, 2006 (2007).

[2] Prunty did not allege a statutory basis for this claim.

3

He also challenged the validity of two Florida statutes on the grounds that they allowed the defendants to circumvent the IDEA's procedural requirements.

Each defendant filed a separate motion to dismiss the amended complaint. Those motions alleged that Prunty's claims had to be dismissed because he failed to exhaust the IDEA's administrative remedies, even though he ostensibly brought his claims under different statutes.  See 20 U.S.C. § 1415(l) (providing that plaintiffs must exhaust the IDEA's remedies, even if they bring claims under different statutes, if the sought-after relief is available under the IDEA).  Prunty filed several motions in response, contending that the IDEA's exhaustion requirement did not apply to his claims because he brought non-IDEA claims, exhaustion was futile, and he had already engaged in the administrative process. He also attached several documents to those motions, one of which was a February 2014 letter he sent to the school district indicating that he had changed his mind about attending a state-sponsored due process hearing and that he would pursue relief in federal court.  See 20 U.S.C. § 1415(a), (f) (establishing procedural safeguards for parents with disabled children, one of which is the right to an impartial due process hearing conducted by the state or local educational agency).

The district court granted all three motions to dismiss.  It first noted that Prunty had filed three previous lawsuits alleging similar violations against many of the same defendants, all of which were dismissed without prejudice for failure to

4

exhaust the IDEA's administrative remedies. It ruled that this case must also be dismissed without prejudice for the same reason because the IDEA's exhaustion requirement applied to all of Prunty's claims and his amended complaint did not indicate that he had exhausted his administrative remedies. Prunty filed a motion for a new trial under Federal Rule of Civil Procedure 59(a), which the court construed as a motion to alter or amend the judgment under Rule 59(e) and denied. This is Prunty's appeal.

## II.

We review de novo the dismissal of a complaint for failure to exhaust administrative remedies. Babicz v. Sch. Bd., 135 F.3d 1420, 1421 (11th Cir. 1998). And we review for abuse of discretion the court's denial of Prunty's Rule 59 motion. Lambert v. Fulton County, 253 F.3d 588, 598 (11th Cir. 2001). Prunty contends that the district court erred in dismissing his amended complaint and denying his Rule 59 motion because he is not actually seeking relief under the IDEA, and as a result the Act's exhaustion requirement does not apply to his claims.[3]

---

[3] Prunty also challenges two Florida statutes on vagueness grounds, but we do not consider those arguments because he raises them for the first time on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted). He has also abandoned his § 1985 conspiracy claims and state law claims by failing to raise them on appeal. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned."). And his passing reference to the hospital's alleged violation of the

That argument fails.  The gravamen of his amended complaint is that the defendants violated the IDEA's requirement that disabled children receive a free appropriate public education.  See Fry, 137 S. Ct. at 752 (concluding that the IDEA's exhaustion requirement applies where a student "seeks relief for the denial of a [free appropriate public education]," and that to determine "whether a suit indeed seeks relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint") (quotation marks omitted).  Prunty's amended complaint repeatedly alleges that the defendants denied his children a free appropriate public education by excluding him from the process of creating IEPs, and he seeks relief from that alleged violation.  As the Supreme Court stated in Fry, one "clue to whether the gravamen of a complaint against a school concerns the denial of a [free appropriate public education], or instead addresses disability-based discrimination, can come from asking a pair of hypothetical questions": (1) "[C]ould the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school" (such as a public library), and (2) "could an adult at the school — say, an employee or visitor — have pressed essentially the same grievance?"  Id. at 756.  Here, "no" is the answer to both questions because Prunty alleges that the defendants excluded him from the

---

Emergency Medical Treatment and Active Labor Act is not enough to preserve that claim for review.  See id.; see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (stating that an appellant abandons a claim "by making nothing more than a passing reference to it in the initial brief") (quotation marks omitted).

IEP process (something that could take place only at a school) and an employee or visitor could not claim an IEP violation because IEPs are created for disabled children.  See id. (stating that if the answer to both questions is "no, then the complaint probably does concern a [free appropriate public education], even if it does not explicitly say so").

Because the gravamen of Prunty's complaint is that the defendants denied his children a free appropriate public education by excluding him from the IEP process, the IDEA's exhaustion requirement applies to his claims.  Id. at 752.  That Prunty brings claims under different statutes, such as § 1983, does not allow him to circumvent that requirement.  See Babicz, 135 F.3d at 1422 n.10 ("Any student who wants relief that is available under the IDEA must use the IDEA's administrative system, even if he invokes a different statute.") (quotation marks omitted); see also M.T.V. v. DeKalb Cty. Sch. Dist., 446 F.3d 1153, 1157–58 (11th Cir. 2006) (concluding that claims based on § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and the First Amendment were all subject to the IDEA's exhaustion requirement); N.B. by D.G. v. Alachua Cty. Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996) (concluding that the IDEA's exhaustion requirement applied to plaintiff's § 1983 claim for money damages).

There is no indication that Prunty has exhausted the IDEA's administrative remedies.  The record actually indicates that he withdrew from the administrative

process after he declined to attend a due process hearing.  And nothing in the record supports his argument that the IDEA's remedies are futile.  As a result, the district court did not err in dismissing his amended complaint for failure to exhaust the IDEA's administrative remedies.  And because that ruling was not erroneous, the court did not abuse its discretion in denying Prunty's motion to alter or amend the judgment.  See Lambert, 253 F.3d at 598.

**AFFIRMED.**