# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 01-3367
_____

Thomas Bradley, as Natural Guardian    *
of, and on behalf of David Bradley,       *
a minor, individually and on behalf of   *
themselves and all others similarly     *
situated; Dianna Bradley, as Natural   *
Guardians of, and on behalf of David   *
Bradley, a minor, individually and on   *
behalf of themselves and all others     *  Appeal from the United States
similarly situated,                   *  District Court for the
                                   *  Eastern District of Arkansas.
          Plaintiffs - Appellees,     *
                                   *

     v.                             *
                                   *

Arkansas Department of Education;    *
Mike Crowley, individually and in his  *
capacity as an employee of the      *
Arkansas Department of Education,   *
                                 *
         Defendants - Appellants,   *
                                 *

Williford School District 39;       *
John Does, 1-10,               *
                                 *
         Defendants.          *
                                 *
------------------------------     *
                                 *
David Bradley, and his parents and next *
friends; Thomas Bradley, individually  *
and on behalf of all others similarly   *

situated; Dianna Bradley, individually          *
and on behalf of all others similarly           *
situated,                                        *
                                                 *
            Plaintiffs - Appellees,              *
                                                 *
    v.                                           *
                                                 *
Arkansas Department of Education;                *
Raymond Simon, in his official capacity          *
as Director of the Department, as well           *
as individually,                                 *
                                                 *
            Defendants - Appellants,             *
                                                 *
Diane Sydoriak, in her official capacity         *
as Director, Special Education and               *
individually,                                    *
                                                 *
            Defendant,                           *
                                                 *
Marcia Harding, in her official capacity         *
as Acting Associate Director, Special            *
Education and individually; Mike                 *
Crowley, in his official capacity as             *
Administrator for Special Education              *
Monitoring and Technical Assistance              *
and individually,                                *
                                                 *
            Defendants - Appellants,             *
                                                 *
Williford School District 39, its               *
Superintendent and Board, respectively;         *
Bruce Evans, in his official and                 *
individual capacities; Clinton Madison,          *
in his official and individual capacities;       *
Rodney Despain, in his official and              *

-2-

individual capacities; Jeff Goings, in    *
his official and individual capacities;   *
Don Coggins, in his official and     *
individual capacities; Eddie Gray, in   *
his official and individual capacities,  *
                                            *

         Defendants.          *

_____

Submitted:  May 15, 2002

Filed:  August 30, 2002
_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.
_____

BOWMAN, Circuit Judge.

Thomas and Dianna Bradley bring this suit on behalf of their autistic son to challenge multiple aspects of the educational services provided to him while he was a student in the Williford, Arkansas, school district.[1] They claim the school district, the Arkansas Department of Education (DOE), and state education officials have violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-

---

[1] The Bradleys filed their first suit in 1996 and filed a second suit in 2000. These cases have been consolidated by the District Court. The suit has been brought both on behalf of their son and as a class action. The Bradleys' son is no longer in school (the record does not show why), and therefore the Bradleys' request for injunctive relief as to their son is now moot. Their case thus remains viable as to their son only as an action for a money judgment. Meanwhile, the class action, in which only injunctive relief is sought on behalf of the class, remains pending in the District Court.

1487, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.[2] Three Arkansas DOE officials, sued in their individual capacities for damages, bring this appeal challenging the refusal of the District Court to grant their motion for summary judgment based on qualified immunity. Because these officials are entitled as a matter of law to dismissal from this lawsuit on the ground of qualified immunity, we reverse and remand.

I.

The events underlying the instant complaint already have an extensive history of litigation in this Circuit. See Bradley ex rel. Bradley v. Ark. Dept. of Educ., 189 F.3d 745 (8th Cir.), reh'g en banc granted in part, opinion vacated in part by Jim C. v. Ark. Dept. of Educ., 197 F.3d 958 (8th Cir. 1999), aff'g the District Court on reh'g in part en banc, Jim C. v. United States, 235 F.3d 1079 (8th Cir. 2000), cert. denied, 533 U.S. 949 (2001). Despite this lengthy history and the breadth of the underlying complaint, we are asked in this appeal to address the quite narrow question of whether three state DOE officials—Ray Simon, Marcia Harding, and Mike Crowley (collectively, the state officials)[3]—are entitled to qualified immunity. A district

---

[2]The Bradleys' complaint also pleaded a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. The District Court dismissed the ADA claim in an April 12, 2000, order, and thus it is not at issue in this appeal.

[3]Ray Simon has been the Director of the Arkansas Department of Education (DOE) since 1997. He "is responsible for developing the overall mission, goals, and operational strategies" for the state DOE. Appellants' Br. at 2. Marcia Harding is the Associate Director for Special Education, having assumed the position in an interim capacity in October 2000 (only four days before the Bradleys filed their second lawsuit). She directs the "overall administration and implementation of special education and related services" for the state. Id. at 3. Mike Crowley has served as the Program Support Manager for Special Education since 1990. He directs the section of the DOE that monitors "school districts and other agencies for compliance with state and federal regulations governing the provision of education to students

court's denial of summary judgment based on qualified immunity is immediately appealable and is reviewed de novo. Sexton v. Martin, 210 F.3d 905, 909 (8th Cir. 2000); accord Heidemann v. Rother, 84 F.3d 1021, 1027 & n.4 (8th Cir. 1996) (§ 1983 action).

Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In determining whether the state officials are entitled to qualified immunity, we must first consider whether the facts as alleged, taken in the light most favorable to the Bradleys, show that the defendant officials violated a federal statutory right. See id. at 201. "If no . . . right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. If the Bradleys' allegations show a violation of such a right, then we must inquire whether the right was clearly established. See id.; Ware v. Morrison, 276 F.3d 385, 387 (8th Cir. 2002). For a right to be "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). In other words, "[i]f the law did not put [the defendant] on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Saucier v. Katz, 533 U.S. 194, 202 (2001).

II.

We first address the Bradleys' allegations under § 504, because we may easily conclude that the state officials are entitled to qualified immunity as to that claim. In order to state any claim against a state school official under § 504, the Bradleys must show that the official "acted in bad faith or with gross misjudgment." See

with disabilities as identified under the IDEA." Id.

-5-

Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 856 (8th Cir. 2000); accord Monahan v. Nebraska, 687 F.2d 1164, 1171 (8th Cir. 1982), cert. denied, 460 U.S. 1012 (1983).  Allegations of negligence do not "clear the hurdle set by the explicit language of section 504."  Sellers v. Sch. Bd., 141 F.3d 524, 529 (4th Cir.) (holding § 504 claim was properly dismissed where complaint alleged failure to timely assess and diagnose a student's disability), cert. denied, 525 U.S. 871 (1998).  We have thoroughly reviewed the summary judgment record, and although the Bradleys claim that the state officials have committed violations "so severe, pervasive and objectively offensive" that they amount to "gross violations" of § 504, Complaint-Class Action at 5, they have failed to set forth any specific facts from which we may infer that these officials acted in bad faith or with gross misjudgment.  Even in their complaint, the Bradleys merely allege that the state officials "knew or should have known" about the violations the Bradleys claim.  Id.  Taking the facts in the light most favorable to the Bradleys, the alleged negligence of the state officials, even if proved, would not meet the standard required to establish a violation of § 504.  Because the facts as alleged fail to show a violation of a federal statute, the state officials are entitled to qualified immunity on this claim.[4]

III.

We next turn to the Bradleys' claims under the IDEA and under § 1983 for violations of the IDEA.  The Bradleys have set out numerous instances in which both their substantive and procedural rights under the IDEA were allegedly violated.  They argue that, as the District Court held with little elaboration, numerous material facts remain in dispute and therefore the state officials are not entitled to qualified immunity.  In contrast, the state officials urge this Court to reverse the District Court

---

[4]Because the Bradleys cannot sustain their claim brought directly under § 504, the state officials are also entitled to qualified immunity as to the Bradleys' § 1983 claims asserting the same alleged statutory violation.

because reasonable state officials, based on their knowledge at the time, would not have known that their actions violated the IDEA.

We do not reach these specific arguments because the state officials are entitled to qualified immunity on the basis of the remedy the Bradleys have requested. To avoid dismissal on grounds of qualified immunity the Bradleys must allege a valid claim under the IDEA; their claim must also seek remedies available against those officials under that statute. See Heidemann, 84 F.3d at 1033 (granting qualified immunity where plaintiffs' IDEA claims sought compensatory and punitive damages "because general and punitive damages for the types of injuries alleged by plaintiffs are not available under the IDEA").[5] In this suit the Bradleys have stated that as to the state officials, "[e]ach is sued individually for damages." Complaint-Class Action at 5. They reiterate this by implication by asking for compensatory and punitive damages in their request for relief. Id. at 19. Because the Bradleys cannot recover either compensatory or punitive damages under the IDEA, see Heidemann, 84 F.3d at 1033, the state officials are entitled to qualified immunity as to the Bradleys' IDEA claims.[6]

---

[5]We note that there is a disagreement among the circuit courts as to whether monetary damages are available under the IDEA. Compare Heidemann v. Rother, 84 F.3d 1021 (8th Cir. 1996) with W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995) and Salley v. St. Tammany Parish Sch. Bd., 57 F.3d 458 (5th Cir. 1995).

[6]The complaint does not appear to seek recovery, from the state defendants in their individual capacities, of educational expenses incurred by plaintiffs that the Williford School District would have paid all along if an individualized education program (IEP) agreeable to plaintiffs had been in place. In any event, such expenses would be recoverable from the school district, not from any of the individual defendants. See 20 U.S.C. § 1401(8)(A) (2000) (requiring that the education be "provided at public expense, under public supervision and direction"); cf. Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15-16 (1993) (affirming reimbursement to parents by school district of education expenses incurred at a private school). We have found no authority, and the parties have not directed this Court to any authority,

Because the Bradleys cannot recover damages against the state officials in their individual capacities under the IDEA, they also cannot recover those damages in a § 1983 suit for violations of the IDEA. "Section 1983 merely secures the federally protected rights a plaintiff already holds. It does not expand those rights. . . . Section 1983 did not provide a right to damages where none existed before." Crocker v. Tenn. Secondary Sch. Athletic Ass'n, 980 F.2d 382, 387 (6th Cir. 1992). "[Section] 1983 by itself does not protect anyone against anything. . . . [It] does not provide any substantive rights at all." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18 (1979).

IV.

For the foregoing reasons, we hold that the District Court erred in denying the school officials' motion for summary judgment on the basis of qualified immunity. We reverse the District Court and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

awarding such expenses against either state or local education officials. This is hardly surprising, inasmuch as the IDEA is devoid of textual support for such an award.