# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1112

_____

J.B., by and through his next friends Kevin Bailey and Laurie Bailey;
Kevin Bailey; Laurie Bailey

*Plaintiffs - Appellants*

v.

Avilla R-XIII School District

*Defendant - Appellee*

_____

No. 12-1113

_____

A.L.A., by and through his next friend Laura Liberty; Laura Liberty

*Plaintiffs - Appellants*

v.

Avilla R-XIII School District

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: January 16, 2013
Filed: July 24, 2013

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

J.B., by and through his parents, Kevin and Laurie Bailey, J.B.'s parents themselves, A.L.A., by and through his guardian, Laura Liberty, and Laura Liberty herself (collectively "Plaintiffs") filed suit against the Avilla R-XIII School District ("District"), alleging violations of the Americans with Disabilities Act (ADA), Title 42 U.S.C. § 12131 et seq., and section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 706 and 794a. The District moved for summary judgment. The district court,[1] concluding the Plaintiffs had failed to exhaust their administrative remedies, granted the motion. The Plaintiffs now appeal. We affirm.

I

At all times pertinent to this case, J.B. and A.L.A. attended schools in the District. J.B. and A.L.A. each have a disability. Both also had an individualized education program ("IEP"). J.B.'s parents participated in the design of J.B.'s IEP. A.L.A.'s guardian similarly participated in the design of A.L.A.'s IEP. Both J.B.'s parents and A.L.A.'s guardian, however, had ongoing disputes with the District over the manner in which the District implemented the IEPs.

While the disputes were ongoing, J.B.'s parents filed a complaint with the United States Department of Education Office of Civil Rights ("OCR") about the District's disability discrimination grievance resolution process, averring the process was inadequate for addressing parents' complaints about IEP issues. Appellants' App. 18. The OCR investigated and found the process adequate for addressing IEP-related

_____

[1]The Honorable Sarah H. Hays, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

complaints, but inadequate to handle complaints regarding other forms of disability discrimination.  Id. at 23.

Under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491, a parent dissatisfied with the manner in which an IEP is implemented may file a due process complaint with the local state agency.  20 U.S.C. § 1415(i)(2).  The Plaintiffs, however, did not file IDEA due process complaints and instead jointly filed suit in district court.  They filed two disability discrimination claims alleging the District had discriminated against J.B. and A.L.A. in violation of the ADA and the Rehabilitation Act, by failing to adequately implement each child's IEP or establish an adequate grievance resolution process for disability discrimination complaints.  Appellants' Supplemental App. 3.  As relief for those claims, the Plaintiffs seek compensatory education, compensatory damages, and attorney's fees.  Id. at 4.  The Plaintiffs also filed two claims alleging J.B.'s parents and A.L.A.'s guardian had paid and would continue to pay education-related expenses for materials and services which should have been borne by the District, for which they seek money damages and attorneys' fees.  Id. at 5-6.  Upon the District's motion, the district court severed the claims of J.B. and J.B.'s parents from those of A.L.A. and A.L.A.'s guardian.

The District moved for summary judgment in each case, which the district court granted.  The district court concluded all of the claims related to the implementation of IEPs.  As such, the district court dismissed the claims, further concluding the Plaintiffs had been required to go through the IDEA due process complaint procedures before filing suit under the ADA and the Rehabilitation Act.  The Plaintiffs appealed and the cases were reconsolidated.

II

The central issue in these reconsolidated cases is whether the Plaintiffs were required to exhaust their administrative remedies under the IDEA before filing their ADA and Rehabilitation Act claims in district court.  We review de novo the grant of a motion for summary judgment and the underlying issue of whether exhaustion of

administrative remedies was required.  Brown v. J.B. Hunt Transp. Servs., Inc., 586 F.3d 1079, 1083 n.4 (8th Cir. 2009) (citing Hutson v. Wells Dairy, Inc., 578 F.3d 823, 825 (8th Cir. 2009)).

In the IDEA, Congress established procedural safeguards to ensure individuals with disabilities will have the opportunity to obtain a free appropriate public education (FAPE).  20 U.S.C. § 1415(a).  The primary tool for implementing the aims of the IDEA is the IEP, which "tailor[s] the statutorily required 'free appropriate public education' to each child's unique needs."  Honig v. Doe, 484 U.S. 305, 311 (1988) (quoting 20 U.S.C. § 1414(a)(5)).  The other safeguards "include . . . an opportunity to present complaints concerning any aspect of the local agency's provision of a free appropriate public education; and an opportunity for 'an impartial due process hearing' with respect to any such complaints."  Id. at 311-12 (quoting  20 U.S.C. §§ 1415(b)(1), (2)).  A party aggrieved by the outcome of an IDEA due process hearing may challenge the outcome before the state educational review agency.  20 U.S.C. § 1415(g)(1).  The outcome of the administrative review hearing may then be disputed in district court.  20 U.S.C. § 1415(i)(2)(A).  However, before parties may bring a claim in district court under a different statute for which they seek relief which is also available under the IDEA, the parties must first exhaust the administrative remedies under the IDEA.  20 U.S.C. § 1415(*l*).  Section 1415(*l*) of the IDEA sets forth:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.*

20 U.S.C. § 1415(*l*) (emphasis added).

The Plaintiffs did not go through the IDEA due process complaint procedures before filing their ADA and Rehabilitation Act claims in the district court. Accordingly, the only questions are whether they seek relief available under the IDEA and, if so, whether an exception to the IDEA's exhaustion requirement applies.

A

The Plaintiffs first contend their claims are not subject to the exhaustion requirement of 20 U.S.C. § 1415(*l*) because they do not seek relief which is available under the IDEA.[2] We find this contention to be without merit.

The Plaintiffs seek relief available under the IDEA for their disability discrimination claims. Although the Plaintiffs base those claims on allegations the District failed to develop an adequate disability discrimination grievance resolution process, they also allege the District failed to adequately implement J.B.'s and A.L.A.'s IEPs as a basis for the claims. For those claims, the Plaintiffs seek attorneys' fees, compensatory education, and compensatory damages. Compensatory damages are not available through the IDEA. Heidemann v. Rother, 84 F.3d 1021, 1033 (8th Cir. 1996). Compensatory education, however, is. Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 856 (8th Cir. 2000). As are attorneys' fees. 20 U.S.C. § 1415 (i)(3)(B).

[2]For the first time on appeal, the Plaintiffs urge us to adopt a "relief-centered" test to determine whether claims are subject to the IDEA exhaustion requirement, assert claims of psychological harm, and characterize their claims as constitutional violations. We do not address these issues in this opinion. See, e.g., Lopez v. Tyson Foods, Inc., 690 F.3d 869, 875 (8th Cir. 2012) (holding issues not raised before the district court are not preserved for appeal). They also argue the court should rule whether the IDEA's exhaustion requirement is jurisdictional or a claims-processing rule. Because the District has not waived the exhaustion argument and we conclude the Plaintiffs were required to exhaust their administrative remedies, we need not reach this issue. See Muskrat v. Deer Creek Pub. Sch., 715 F.3d 775, 784-85 (10th Cir. 2013) (noting the court's obligation to independently consider waiver of the IDEA's exhaustion requirement depends on whether it is jurisdictional in nature and does not arise where exhaustion was raised below and on appeal).

The Plaintiffs also seek relief available under the IDEA for their claims based on payment of education-related materials and services. In School Committee of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359, 370-71 (1985), the Supreme Court considered whether the potential relief available under the Education of the Handicapped Act (EHA), the predecessor to the IDEA, "includes reimbursement to parents for private school tuition and related expenses." Id. at 367. The Court noted that a court reviewing the outcome of EHA administrative proceedings was authorized to award the relief it deemed appropriate. Id. at 369; see also 20 U.S.C. § 1415(i)(2)(C)(iii). Reasoning reimbursement did not constitute money damages for the purposes of the EHA as it was merely the payment of expenses the school district should have paid all along, the Court held reimbursement to be an available form of relief under the EHA. Burlington, 471 U.S. at 370-71.

Notably, Burlington concerned a claim only for reimbursement of tuition paid at a private institution and related expenses. Id. at 367. However, other circuits which have considered the issue post-Burlington have held reimbursement available for private educational services beyond tuition at a private institution. See Payne v. Peninsula Sch. Dist., 653 F.3d 863, 877 (9th Cir. 2011) ("If the measure of a plaintiff's damages is the cost of counseling, tutoring, or private schooling—relief available under the IDEA—then the IDEA requires exhaustion."), cert. denied, 132 S. Ct. 1540 (2012); Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) ("[E]quitable remedies that involve the payment of money, such as reimbursements to parents for expenses incurred on private educational services to which their child was later found to have been entitled, remain available[.]"); Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 486 (2d Cir. 2002) (holding reimbursement for private tutoring available under the IDEA). We agree with these circuits that reimbursement for private educational services, to which a student is entitled under the IDEA and which should have been borne by a school district, is a form of relief available under the IDEA.

The Plaintiffs seek relief available under the IDEA for each of their claims. Accordingly, they were required to first exhaust the administrative remedies of the IDEA unless an exception to the requirement applies.

B

"Courts recognize only three exceptions to the exhaustion requirement, including futility, inability of the administrative remedies to provide adequate relief, and the establishment of an agency policy or practice of general applicability that is contrary to law." Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist., 198 F.3d 648, 656 (8th Cir. 1999) (quoting Urban ex rel. Urban v. Jefferson Cnty. Sch. Dist. R-1, 89 F.3d 720, 724 (10th Cir. 1996)).

"[A]pplication of the exhaustion doctrine is 'intensely practical.'" Bowen v. City of New York, 476 U.S. 467, 484 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 331 n.11 (1976)). A court deciding whether to waive exhaustion should be "guided by the policies underlying the exhaustion requirement." Id. Regarding those policies, the Supreme Court explained:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Id. (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)). "[J]udges are not trained educators," E.S. v. Indep. Sch. Dist. No. 196, 135 F.3d 566, 569 (8th Cir. 1998), and we are cautioned not to substitute our "own notions of sound educational policy for those of the school authorities which [we] review." Bd. of Educ. v. Rowley, 458 U.S. 176, 205-06 (1982).

## 1. Futility

The Plaintiffs first contend exhaustion would have been futile, arguing the adequacy of the District's disability discrimination grievance resolution process could not have been addressed in an IDEA due process hearing. Although the administrative venue may not have been able to address the grievance resolution process, we disagree exhaustion would have been futile. Exhaustion would have allowed the agency to develop the record for judicial review and apply its expertise to the Plaintiffs' claims to the extent those claims are related to implementation of J.B.'s and A.L.A.'s IEPs, what kind of compensatory education, if any, would have been appropriate, and whether the services for which the Plaintiffs seek reimbursement are those to which J.B. and A.L.A. are entitled under the IDEA.

## 2. Inadequate Remedy

The Plaintiffs next contend IDEA remedies are inadequate, arguing the Missouri statute of limitations for special education claims has now expired and they could not have received the compensatory damages they seek through the IDEA due process complaint procedures.

The Plaintiffs' statute of limitations argument is unavailing. We have previously held that for an individual showing no reason why claims could not be brought within the statutory limitations period, the expiration of the period reflects only on the individual's choice and not the adequacy of the remedy. See United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (considering a 28 U.S.C. § 2255 petition). Here, the Plaintiffs have shown no reason why they could not have filed IDEA due process complaints within the limitations period. Accordingly, the Plaintiffs' failure to timely avail themselves of the IDEA due process complaint procedures does not render the relief available in those procedures inadequate.

The Plaintiffs' compensatory damages argument is also unavailing in this case. It is worth noting the Plaintiffs seek compensatory education, reimbursement for IEP-

related expenses, and attorneys' fees in addition to compensatory damages. We have not previously addressed the specific issue of whether a plaintiff is excused from exhausting IDEA administrative remedies when asserting a claim based on both the denial of a FAPE and other grounds, for which some of the sought relief is unavailable under the IDEA. We have, however, previously noted (albeit in dicta) that "the IDEA's exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief that is being sought." M.P. ex rel. K. v. Indep. Sch. Dist. No. 721, 326 F.3d 975, 980 (8th Cir. 2003). In addition, we have previously required the exhaustion of administrative remedies with regard to other statutes, even where the precise form of relief sought by the plaintiff was not available in the administrative venue. See King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (concerning § 1983 claims); Foulk v. Charrier, 262 F.3d 687, 695 (8th Cir. 2001) (concerning claims under the Prison Litigation Reform Act). There may be other circumstances in which this exception applies to a plaintiff seeking relief both available and unavailable under the IDEA for a claim based on grounds both related and unrelated to the denial of a FAPE. On this record, however, where some of the relief the Plaintiffs seek is available under the IDEA and exhaustion would not be futile, the inadequate remedy exception to the exhaustion requirement does not apply.

### 3. Practice Contrary to Law

The Plaintiffs finally contend they should be excused from exhausting the IDEA's administrative remedies because the District's disability discrimination grievance resolution process is contrary to law. The Plaintiffs focus on the OCR's finding that the grievance resolution process was inadequate for addressing disability discrimination complaints unrelated to implementing IEPs. Appellants' App. 23.

We do not automatically excuse exhaustion whenever a claimant challenges the validity of agency proceedings. Bowen, 476 U.S. at 485. A plaintiff must also show the alleged infirmity in the proceedings is such that it would not further the underlying purposes of exhaustion to require it. Ass'n for Cmty. Living in Colorado v. Romer,

992 F.2d 1040, 1044 (10th Cir. 1993) ("The plaintiffs must still show that the policy is contrary to law and that the underlying purposes of exhaustion would not be served."); Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1304 (9th Cir. 1992).

Here, the Plaintiffs have failed to show exhaustion of their IDEA remedies would not have served the purposes of the requirement. Two of those purposes are to develop the factual record and obtain the benefit of the agency's expertise with regard to IEP-related claims. The OCR report gives no indication the District's grievance resolution process was inadequate for addressing IEP-related claims. Accordingly, the "practice contrary to law" exception also does not apply.

C

At the last, the Plaintiffs urge us to dismiss those of their claims which required exhaustion and remand the remaining claims to the district court. That is not an option here. The Plaintiffs, as masters of the complaint, have pled their claims such that each claim required exhaustion of the IDEA's administrative remedies.

III

The judgment of the district court is affirmed.

_____