# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2260

_____

Carrie-Anne Smith, In her individual capacity; G.S., Next friend Carrie-Anne Smith

*Plaintiffs - Appellants*

v.

Rockwood R-VI School District; Eric Knost

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 11, 2018
Filed: July 11, 2018

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Carrie-Anne Smith, acting in her individual capacity, and G.S., her son, with Smith acting as next friend, appeal the district court's[1] dismissal of their complaint, which alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, now retired.

§ 1400 *et seq.* (the IDEA); the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; and 42 U.S.C. § 1983. We affirm.

G.S. was a student at Marquette High School (Marquette) located in Chesterfield, Missouri, during the 2014-15 school year. Although Marquette is in the Rockwood R-VI School District (Rockwood), the Special School District of St. Louis County (St. Louis District) administers G.S.'s Individualized Education Plan (IEP), which addresses his medical and educational needs.[2] On September 30, 2014, the assistant principal at Marquette suspended G.S. from school for ten days. Shortly thereafter, Rockwood and the St. Louis District held a manifestation hearing with G.S.'s IEP team as required by the IDEA and concluded that G.S. was suspended for conduct that manifested from his disability. Under the IDEA, G.S. needed to be readmitted into school or have his placement changed based on a modification of his behavior intervention plan. Two days after the manifestation hearing, however, Superintendent Eric Knost informed Smith by letter that Rockwood was suspending G.S. for "an additional 180 days of out-of-school suspension."

After learning in May 2015 that G.S.'s suspension should have ended after the manifestation hearing, Smith and G.S. filed a due process complaint with the Administrative Hearing Commission against the St. Louis District. The parties privately resolved the case, and Smith and G.S. voluntarily dismissed the due process complaint.

Plaintiffs thereafter filed suit in federal district court. The court dismissed the complaint because plaintiffs had not properly exhausted their administrative remedies under the IDEA. We review the district court's ruling *de novo*. J.M. v. Francis

---

[2]G.S. has been diagnosed with Autism Spectrum Disorder, Tourette Syndrome, Emotional Disturbance, Major Depression, Obsessive-Compulsive Disorder, and Attention Deficit Hyperactivity Disorder.

Howell Sch. Dist., 850 F.3d 944, 947 (8th Cir. 2017) (citing J.B. *ex rel.* Bailey v. Avilla R-XIII Sch. Dist., 721 F.3d 588, 592 (8th Cir. 2013)).

The purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education . . . designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400(d)(1)(A). The statute requires state educational agencies to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education[.]" 20 U.S.C. § 1415(a). Although the IDEA allows parents to bring disability discrimination claims on behalf of their child, they must first exhaust their administrative remedies if they are "seeking relief that is also available under [the IDEA]." 20 U.S.C. § 1415(*l*). The Supreme Court has explained that the exhaustion requirement applies only if plaintiffs are seeking relief for the denial of a free appropriate public education.[3] Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 752 (2017). Exhaustion is not required if plaintiffs are "seek[ing] relief for simple discrimination[.]" Id. at 756. To determine whether a complaint seeks redress for the denial of a public education, the courts "look to the substance, or gravamen, of the plaintiff's complaint." Id. at 752.

Plaintiffs argue that the Rehabilitation Act and § 1983 claims in their district court complaint allege disability discrimination, not the denial of a public education. We disagree. The district court complaint states that "[a]s a direct and proximate result of the long-term suspension, G.S. was excluded from and deprived of educational benefits" and that "G.S. was excluded from participating in, and was denied the benefits of, the program of education at [Marquette][.]" Although plaintiffs allege "disability discrimination" in other sections of the complaint, the gravamen of the complaint is the denial of a public education.

---

[3]We will refer to a free appropriate public education as "public education."

-3-

Our characterization of the complaint is also consistent with the procedural history of the case. The Supreme Court explained in Fry that a "prior pursuit of the IDEA's administrative remedies will often provide strong evidence that the substance of a plaintiff's claim concerns the denial of a [public education], even if the complaint never explicitly uses that term." 137 S. Ct. at 757. Plaintiffs acknowledge that the prior due process complaint filed with the Administrative Hearing Commission alleged the denial of a public education. See Appellant's Br. 16 ("In the [due process complaint], G.S. and [the St. Louis District] resolved the prospective issue of providing a [public education] to G.S. going forward."). This acknowledgment of the underlying purpose of the litigation leads to the determination that the Rehabilitation Act and § 1983 claims concern the denial of a public education, the ultimate relief for which required plaintiffs to exhaust their administrative remedies. In light of plaintiffs' failure to do so, the Rehabilitation Act and § 1983 claims must be dismissed.

The complaint also alleges violations of the IDEA. Plaintiffs argue that the exhaustion requirement does not apply to these claims because plaintiffs sought money damages—a remedy not authorized by the IDEA. Although the Supreme Court declined to address this issue in Fry, our precedent is clear "that 'the IDEA's exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief that is being sought.'" J.M., 850 F.3d at 950 (quoting J.B., 721 F.3d at 595). Plaintiffs argue in the alternative that if exhaustion is required, an unenumerated exception to the exhaustion requirement should apply because plaintiffs seek relief unavailable under the IDEA, an argument that we rejected in J.M. Id. at 950-51.

Plaintiffs further argue that an exception should apply to the exhaustion requirement because Rockwood was not a proper party to the due process complaint and would have been summarily dismissed from any administrative proceedings. In

-4-

support of this argument, plaintiffs cite Missouri Revised Statute § 162.890, which states in relevant part that "neither the state board of education nor any school district within the special district shall be required to establish schools or classes for the training or education of handicapped or severely handicapped children under any other existing law[.]"  Plaintiffs do not explain why this statute would prohibit Rockwood from participating in administrative proceedings in light of its alleged denial of a public education stemming from its expulsion decision.  A hearing held under either the IDEA or the due process procedures outlined in Goss v. Lopez, 419 U.S. 565 (1975)—even if resulting in Rockwood's dismissal—would nevertheless have provided the benefit of the administrative agency's expertise, as well a record for judicial review.  See J.M., 850 F.3d at 951.  Under these facts, we decline to create an exception to the IDEA's exhaustion requirement.

The judgment is affirmed.

_____