# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1073
_____

F.B., a minor, by and through next friend Tracy Bono

*Plaintiff - Appellant*

v.

Francis Howell School District

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 21, 2023
Filed: November 16, 2023
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

F.B. is a minor with autism and a former student of Francis Howell School District, where he says staff unlawfully isolated and restrained him. Through his mother, he sued Francis Howell for compensatory damages, equitable relief, and attorney's fees under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and 42 U.S.C. § 1983. The district court found that F.B.'s suit was based on

the denial of a free appropriate public education (FAPE) and dismissed it for failure to exhaust administrative processes under the Individuals with Disabilities Act (IDEA).  See 20 U.S.C. § 1415(*l*).  F.B. appeals the dismissal of his claims for compensatory damages.[1]

We review *de novo* whether exhaustion was required.  J.M. v. Francis Howell Sch. Dist., 850 F.3d 944, 947 (8th Cir. 2017).  Section 1415(*l*) requires plaintiffs to exhaust the IDEA's administrative processes before suing under the ADA, Rehabilitation Act, or similar laws when they seek relief also available under the IDEA—that is, relief for the denial of a FAPE.  Fry v. Napolean Cmty. Schs., 580 U.S. 154, 165 (2017).  Exhaustion has been our general rule when a plaintiff complains of the denial of a FAPE, regardless of the remedy he requests.  J.M., 850 F.3d at 950.  But in Luna Perez v. Sturgis Public Schools, the Supreme Court held that § 1415(*l*) does not apply to suits, even those premised on the denial of a FAPE, that seek a remedy unavailable under the IDEA.  598 U.S. 142, 150 (2023).

F.B. asks only for compensatory damages, a remedy the IDEA cannot give. Id. at 147.  So he did not need to exhaust the IDEA's administrative processes before bringing his ADA, Rehabilitation Act, and § 1983 claims.

Francis Howell concedes this point but urges us to affirm on alternative grounds:  that F.B.'s suit is time-barred and that he has failed to state a § 1983 claim. The district court did not reach these issues, and we decline to address them in the first instance.  See Wivell v. Wells Fargo Bank, 773 F.3d 887, 899–900 (8th Cir. 2014).

We vacate the district court's dismissal of F.B.'s claims for compensatory damages and remand for further proceedings.

_____

_____

[1]F.B. acknowledged at oral argument that he has abandoned his claims for equitable relief.